STILES v. BRADLEY.

(Supreme Court, Appellate Division, Third Department.    June 24, 1909.)

PARTNERSHIP (§ 273*)—TERMINATION—GROUNDS.

    A partnership agreement between attorneys at law, contemplating that one of the parties should devote to the partnership substantially all his time and energy, so far as the partnership interests might be promoted thereby, may be terminated by the other party, where, upon the election of the former as a justice of the peace, he was so officially engaged nearly every day.

    [Ed. Note.—For other cases, see Partnership, Cent. Dig. § 620; Dec. Dig. 273.*]

Appeal from Special Term, Saratoga County.

Action by Jesse Stiles against Fred B. Bradley.    Judgment for defendant, and plaintiff appeals.    Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Charles C. Lester and Jesse Stiles, for appellant.

George R. Salisbury and Fred B. Bradley, for respondent.

COCHRANE, J.    This is an action for a partnership accounting. The parties are attorneys at law.    In the year 1903 they entered into a written agreement for the practice of their profession at Saratoga Springs for the term of five years.    Under that agreement they practiced their profession as copartners until May 1, 1907, when· the partnership was terminated pursuant to a written notice by the plaintiff March 9, 1907.    The question for determination is whether the plaintiff was justified in thus terminating the partnership before the expiration of the term fixed by the contract.

The contract recites that the plaintiff was engaged in other business enterprises, and that he desired to devote his time thereto, or in vacations, traveling, or other leisure, and that the defendant was to relieve him of the labor, cares, and duties of the law business, and take upon himself the duties and work necessary to conduct such business; that the plaintiff should not be required to spend any .more of

his time in the law business than he should desire to do. The contract then contains this provision:

"Party of the second part [defendant] shall devote his whole time to the law business, unless prevented by sickness or other mutual arrangements are made, see that the office is open and closed at a proper hour morning, noon, and night, and shall not leave said office unless it is particularly for law business during business hours, unless he shall have arranged with party of the first part to take charge of said office and perform his duties during the time party of the second part shall desire to or be absent; it being understood that party of the second part is to take charge of and be responsible for keeping the law office open and advancing the business thereof to the best of his ability."

The other provisions of the contract need not be here stated.

One of the reasons assigned by plaintiff for terminating the partnership was that the defendant had been elected to the office of justice of the peace, and that the duties of such office were incompatible with his duties as a member of the firm, and rendered it impossible for him to devote his entire time and energies to the interests of the partnership. The defendant was elected to such office in November, 1905. In the year 1906 he rendered bills against the town for 292 days' services performed for such town in his official capacity. For the four months of the year 1907 prior to the termination of the partnership he rendered bills against the town for 89 days' services performed for such town in his official capacity. Those services, of course, were in addition to such services as he may have officially performed and for which the town was not liable. Evidently the defendant did not "devote his whole time to the law business" within the meaning of the contract.

Plaintiff consented to the election of defendant and went on his official bond. That, perhaps, might estop him from terminating the contract because of the mere fact of the defendant's election and the performance of official duties, provided such duties did not occupy much of his time. Some justices of the peace have very little official work to perform; but, when it became apparent that the defendant was officially engaged nearly every week day in the year, plaintiff had reason to complain. The contract should receive a reasonable construction. It contemplated that the defendant should devote to the partnership substantially all of his time and energy, so far as the interests of the partnership might be promoted thereby. I think it was fairly established that the official duties of the defendant conflicted with his duties to the firm within the meaning of the contract and justified the plaintiff in terminating the partnership. He was therefore entitled to an accounting of the partnership affairs, and a dismissal of his complaint was error.

The judgment must be reversed on the law and facts, and a new trial granted, with costs to the appellant to abide the event. All concur.